**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fidel PAREDES–CHAVEZ,
Defendant–Appellant.**

**No. 04–41416.
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided March 3, 2006.

James Lee Turner, Assistant U.S. Attorney, Mitchel Neurock, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Fidel Paredes–Chavez (Paredes) appeals from his sentence imposed pursuant to his guilty plea to illegal reentry after deportation. Paredes contends that his sentence is unconstitutional under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because he was sen-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tenced pursuant to the mandatory Sentencing Guidelines regime.

The district court stated, however, that if the Guidelines had not applied, the court would have imposed the same sentence that Paredes received. Therefore, the Government has carried its burden of establishing that the sentencing error in Paredes's case was harmless beyond a reasonable doubt. *See United States v. Garza,* 429 F.3d 165, 170 (5th Cir.2005); *United States v. Walters,* 418 F.3d 461, 464–66 (5th Cir.2005).

Paredes also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Paredes contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Paredes properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.